


1  **PETER S. CHRISTIANSEN, ESQ.**
   Nevada Bar No. 5254
2  pete@christiansenlaw.com
   **R. TODD TERRY, ESQ.**
3  Nevada Bar No. 6519
   tterry@christiansenlaw.com
4  **KEELY P. CHIPPOLETTI, ESQ.**
   Nevada Bar No. 13931
5  keely@christiansenlaw.com
   **CHRISTIANSEN TRIAL LAWYERS**
6  710 S. 7th Street
   Las Vegas, Nevada 89101
7  Telephone:    (702) 240-7979
    Facsimile:    (866) 412-6992
8  *Attorneys for Plaintiff*

9              **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF NEVADA**

11 | NIKKIE LYNN CHEEK, an Individual; NIKKIE LYNN CHEEK and KATHLEEN J. MANGIONE as Co-Special Administrators for the ESTATE OF ALINA R. HIGUERA | CASE NO.: 2:22-cv-00271-GMN-BNW |

            Plaintiff,

   vs.

                                                   **STIPULATION AND ORDER TO EXTEND**
                                                   **DISCOVERY DEADLINES**

   CENTRAL TRUCKING INC., a Foreign
   Corporation; HAROLD EUGENE STROUSE,             **(THIRD REQUEST)**
   an Individual; DOES I through X, inclusive; and
   ROE BUSINESS ENTITIES I through X
   inclusive,

            Defendants.

        Plaintiffs, NIKKIE LYNN CHEEK, individually, and NIKKIE LYNN CHEEK and KATHLEEN J. MANGIONE as Co-Special Administrators for the ESTATE OF ALINA R. HIGUERA, and Defendants, CENTRAL TRUCKING, INC. and HAROLD STROUSE, by and through their respective attorneys, do hereby stipulate to extend the discovery cutoff in the above-captioned case for a period of sixty (60) days.

        Pursuant to LR IA 6-1, the parties hereby aver that this is the third such discovery extension requested in this matter.

### I. DISCOVERY COMPLETED

1. Plaintiffs have disclosed their initial disclosures and two supplements thereto;
2. Defendant have disclosed their initial disclosures and two supplements thereto;
3. The parties have propounded and responded to written discovery requests; and
4. The deposition of Trooper Michael Walters was taken on October 13, 2022.

### II. DISCOVERY TO BE COMPLETED

1. Plaintiffs will take the deposition of Defendant's corporate designees pursuant to NRCP 30(b)(6);
2. Plaintiffs will take the deposition of Defendant Harold Strouse;
3. Defendants will take the deposition of Nikkie Lynn Cheek;
4. The parties intend to conduct the depositions of additional fact witnesses;
5. The parties will disclose expert witnesses and depose their respective experts; and
6. The parties intend to supplement numerous expert witnesses and reports pursuant to NRCP 16.1(a)(2).

### III. REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY COMMISSIONER

Both good cause and excusable neglect exist to extend the current discovery deadlines. Counsel has been working diligently to adhere to the current discovery deadlines, but additional time is needed to complete certain depositions before the parties can disclose experts.

Defendant Strouse has been charged criminally for the underlying accident giving rise to this case. As such, Defendant Strouse has objected to giving a deposition or otherwise participating in discovery until after his sentencing to preclude any testimony or evidence provided by him from adversely effecting his criminal matter.

Additionally, a second, albeit deficient, Complaint was filed in Washoe County by Aaron Kristopher Angelo, a potential heir of Decedent Alina Higuera, asserting claims related to the underlying accident giving rise to this case. Defendant Strouse was served with the second Complaint on or about March 6, 2023. Mr. Angelo's original complaint filed in Washoe County

1  was dismissed on September 28, 2022. Accordingly, Defense Counsel needs to additional time to
2  explore the viability of Mr. Angelo's claims, and potential removal and consolidation with this
3  matter should his claims survive dismissal.
4        Given the amount of discovery that needs to be completed before the expert deadline,
5  counsel for all parties agree the current discovery deadline is insufficient in time to complete the
6  remaining discovery in light of the foregoing issues. Accordingly, the parties have agreed to
7  continue all discovery deadlines by 60 days. This request is made in good faith and not for the
8  purpose of delay.
9  / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

IV. **PROPOSED SCHEDULE FOR COMPLETING DISCOVERY:**

| | EXISTING DEADLINES | PROPOSED DEADLINES |
|---|---|---|
| **Close of Discovery** | May 8, 2023 | **July 7, 2023** |
| **Initial Expert Disclosures Deadlines** | March 7, 2023 | **May 8, 2023** |
| **Rebuttal Expert Disclosure Deadline** | April 7, 2023 | **June 6, 2023** |
| **Final Date for Dispositive Motions** | June 9, 2023 | **August 8, 2023** |
| **Pretrial Order** | July 7, 2023, or 30 days after resolution of dispositive motions per Local Rule 26-1(b)(5) | **September 5, 2023, or 30 days after resolution of dispositive motions per Local Rule 26-1(b)(5)** |

DATED 7th day of March, 2023.

**CHRISTIANSEN TRIAL LAWYERS**

/s/ Peter Christiansen

PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
R. TODD TERRY, ESQ.
Nevada Bar No. 6519
KEELY P. CHIPPOLETTI, ESQ.
Nevada Bar No. 13931
710 S. 7th Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

DATED 7th day of March, 2023.

**PERRY & WESTBROOK**

*/s/ Alan Westbrook*

ALAN WESTBROOK, ESQ.
Nevada Bar No. 6167
11500 S. Eastern Avenue, Suite 140
Henderson, NV 89052
*Attorneys for Defendant*

**ORDER**

**IT IS SO ORDERED**

**DATED:** 10:53 am, March 08, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4